**WO**                                                                                        SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Torrance Derrick Mincey, | ) | No. CV 12-0303-PHX-GMS (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph M. Arpaio, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Torrance Derrick Mincey, who is confined in the Arizona State Prison Complex, East Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $21.95.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

JDDL-K

1
2
3
4
5

a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

6
7
8
9
10
11

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

12
13
14
15
16
17
18
19
20

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21
22
23
24
25

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

26
27
28

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

JDDL-K

should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.   Complaint**

Plaintiff alleges one count for "involuntary servitude."  (Doc. 1 at 3.)  Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio and the Maricopa County Sheriff's Office (MCSO).  Plaintiff seeks compensatory and punitive relief.

**Background**

The Maricopa County Superior Court ordered Plaintiff to pay child support in case# DR1999-010063.[1]  However, Plaintiff has only sporadically paid child support and has accrued substantial arrears.  Since at least 2007, the court has held repeated review hearings concerning payment of child support by Plaintiff and has repeatedly found Plaintiff in contempt for failure to pay child support or purge amounts and/or failure to appear for review hearings or otherwise comply with court orders by documenting efforts to seek work.  Further, the court has issued several child support arrest warrants, resulting in Plaintiff's arrest and indefinite incarceration by MCSO for failure to pay child support or to demonstrate his efforts to find work as ordered by the court.  During his various confinements, the court has sometimes ordered that Plaintiff participate in work release programs, if otherwise eligible.  At other times, the court has found him ineligible for work release participation.  On at least one occasion, Plaintiff absconded from work release and on another he returned to the jail under the influence of drugs or alcohol.

In August 2008, Plaintiff filed a petition for writ of habeas corpus, case# LC2008-

---

[1] See http://www.superiorcourt.maricopa.gov/docket/FamilyCourtCases/caseInfo.asp?caseNumber=DR1999-010063 (last visited Apr. 5, 2012).  Minute entries for specific dates can be viewed at http://www.courtminutes.maricopa.gov/JONamesearch.asp.

000465, which the court treated as a special action.[2]  The court described Plaintiff's claims in that action as alleging that despite being ordered into work release in connection with his child support obligations, MCSO had failed to comply and claimed that he was being jailed for an unpaid debt in violation of the state constitution.[3]  On August 29, 2008, the court denied jurisdiction over Plaintiff's special action.[4]  In its minute entry, the court explained that the court had only ordered Plaintiff into work release "if otherwise eligible" and that responsibility for determining eligibility rested with MCSO; it noted that Plaintiff's propensity for violence and drug use resulted in his designation as a maximum security inmate who was not allowed to participate in work release programs.[5]  The court further stated that Plaintiff's confinement for contempt of court for non-payment of child support did not violate the state constitution.[6]  Finally, the court found that MCSO had not abused its discretion in denying Plaintiff work release status.[7]

In addition to the above, Plaintiff has twice been arrested for criminal offenses.  On November 16, 2007, Plaintiff was arraigned in case# CR2007-157276,[8] but on March 28, 2008, that case was dismissed based on the lack of probable cause for the arrest.[9]  On June

---

[2] See  http://www.courtminutes.maricopa.gov/docs/Lower%20Court/082008/m3330630.pdf (last visited Apr. 4, 2012).

[3] See http://www.courtminutes.maricopa.gov/docs/Lower%20Court/092008/m3347753.pdf (last visited Apr. 4, 2012).

[4] Id., n. 2.

[5] Id.

[6] Id.

[7] Id.

[8] See http://www.courtminutes.maricopa.gov/docs/Criminal/112007/m2942720.pdf (last visited Apr. 5, 2012).

[9] See http://www.courtminutes.maricopa.gov/docs/Criminal/032008/m3118924.pdf (last visited Apr. 5, 2012).

JDDL-K                                                                        - 4 -

13, 2011, Plaintiff was arraigned on new charges in case# CR2011-101886.[10]  On February 13, 2012, Plaintiff was sentenced to five years in prison after he pleaded guilty to aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, with a prior felony conviction for possession of marijuana.[11]

**Plaintiff's Allegations**

Except as otherwise indicated, Plaintiff alleges the following facts in his Complaint: On April 23, 2008, he was ordered to work release, but MCSO did not place him on work release and instead required him to work as an unpaid jail trustee.  As a result, Plaintiff lost a job that he had recently obtained and was unable to pay his child support obligations. While Plaintiff was incarcerated by MCSO and denied work release status, Plaintiff's child support obligations continued to accrue.  When Plaintiff was periodically released from confinement, he was unable to find a job and he was arrested for failure to pay child support. Apparently in LC2008-000465, the MCSO stated that it had denied Plaintiff work release status based on an alleged conviction for rape and a 20 year-old endangerment case; Plaintiff states that MCSO officials lied about the rape conviction to justify not putting him on work release.  On May 28, 2009, the Maricopa County Superior Court investigated whether Plaintiff was eligible for work release and the state conceded Plaintiff's eligibility.  Although the court ordered that Plaintiff "shall" participate in work release, Plaintiff was still not put on work release status.  On July 30, 2009, Plaintiff was released from custody and the purge amount was reduced to zero, although Plaintiff remained responsible for past and continuing child support.  Plaintiff became depressed about his circumstances as a result of accruing child support and incarceration that led to the loss of jobs and his home, and he began "boozing."  (Doc. 1 at 3.)  Plaintiff failed to appear at a child support review hearing on February 10, 2010, resulting in the issuance of a child support arrest warrant.

---

[10] See http://www.courtminutes.maricopa.gov/docs/Criminal/062011/m4764998.pdf (last visited Apr. 5, 2012).

[11] See http://www.courtminutes.maricopa.gov/docs/Criminal/032012/m5131372.pdf (last visited Apr. 5, 2012).

On May 26, 2010, Plaintiff was arrested on the child support arrest warrant and ordered placed in work release program.  Nevertheless, Plaintiff was assigned to perform unpaid work in the jail.  At a June 16, 2010 review hearing, Plaintiff told the commissioner that he had not been assigned to work release; the commissioner apparently spoke to a sergeant and ordered him to put Plaintiff on work release.  After learning of the amount of child support arrears, with interest, Plaintiff began "boozing" again. (Doc. 1 at 5.)  On July 19, 2010, he was arrested for aggravated DUI, but "they drop it after 4 days" and Plaintiff was placed back on work release.  (Id.)  Plaintiff looked for a job while on work release, but returned to the facility under the influence and was ordered confined for 30 days.  Plaintiff was subsequently placed on work release and found a job.  On November 2, 2010, Plaintiff sought modification of his work release schedule so that he could get to his job on time; the court denied Plaintiff's request to modify his work release hours absent proof from his employer of his work schedule and affirmed its prior orders.[12]  Plaintiff subsequently failed to appear at a December 1, 2010 hearing.  The state advised the court that Plaintiff had absconded from work release and requested a child support arrest warrant; the court found Plaintiff in continuing contempt of court for failure to appear, failure to pay child support, and failure to comply with court orders.[13]  Plaintiff has recently been transferred to the custody of the Arizona Department of Corrections to serve a five year sentence on the aggravated DUI conviction from July 19, 2010.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional

---

[12] See http://www.courtminutes.maricopa.gov/docs/Family%20Court/112010/m4469 735.pdf (last visited Apr. 4, 2012).

[13] See http://www.courtminutes.maricopa.gov/docs/Family%20Court/122010/m4498 119.pdf (last visited Apr. 4, 2012).

1    claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of

2    a particular defendant and he must allege an affirmative link between the injury and the

3    conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

4         **A.    MCSO**

5         Plaintiff names the MCSO as a Defendant; however, it is not a proper defendant in a

6    § 1983 action.  Claims under § 1983 are directed at "bodies politic and corporate." Monell

7    v. Dep't of Soc. Servs., 436 U.S. 658, 688-89 (1978).  Under the Civil Rights Act of 1871,

8    Congress intended municipalities and other local government units to be included among

9    those persons to whom § 1983 applies.  Id. at 689-690.  In Arizona, the responsibility for

10   operating jails and caring for prisoners is placed by law upon the sheriff and the County.  See

11   A.R.S. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101.  MCSO is simply an administrative

12   creation of the sheriff to allow him to carry out his statutory duties; it is not a "person"

13   amenable to suit pursuant to § 1983.  See e.g., Petaway v. City of New Haven Police Dep't,

14   541 F. Supp.2d 504 (D. Conn. 2008); Pahle v. Colebrookdale Tp., 227 F. Supp.2d 361 (E.D.

15   Pa. 2002).  Accordingly, MCSO will be dismissed from this action as the Defendant.

16        **B.    Arpaio**

17        Plaintiff also sues Sheriff Arpaio.  Although Arpaio may properly be sued for

18   constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must allege

19   facts, not simply conclusions, that show that an individual was personally involved in the

20   deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

21   For an individual to be liable in his official capacity, a plaintiff must allege that the official

22   acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294

23   F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under §

24   1983, so a defendant's position as the supervisor of a someone who allegedly violated a

25   plaintiff's constitutional rights does not make him liable.  Monell, 436 U.S. at 691; Taylor

26   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only

27   liable for constitutional violations of his subordinates if the supervisor participated in or

28   directed the violations, or knew of the violations and failed to act to prevent them." Taylor,

880 F.2d at 1045.

Plaintiff fails to allege any facts against Arpaio.  He has not alleged facts to support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  He also has not alleged facts to support that Arpaio directly violated his constitutional rights or that Arpaio was aware that Plaintiff's rights were being violated but failed to act.  Accordingly, Arpaio will be dismissed.

### C.    Involuntary Servitude

Plaintiff alleges one count for involuntary servitude.  He appears to attempt to assert a Thirteenth Amendment violation based on MCSO officials assigning him to perform unpaid work rather than to assign him to work release.  "The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'" United States v. Kozminski, 487 U.S. 931, 942 (1988) (quoting Amendment XIII).  "By its terms [the Thirteenth] Amendment excludes involuntary servitude imposed as legal punishment for a crime." Id. at 943.  However, "child support awards fall within [a] narrow class of obligations that may be enforced by means of imprisonment without violating the constitutional prohibition against slavery." United States v. Ballek, 170 F.3d 871, 874 (9th Cir. 1999).

Under A.R.S. § 25-511(A), any parent of a minor child who knowingly fails to furnish reasonable support for the parent's child is guilty of a class 6 felony, except as provided in § 25-501(F).  A.R.S. § 25-511(A).  Under § 25-509(A), the attorney general may initiate or intervene in an action to enforce the duty of support by all means available, including all civil and criminal remedies provided by law.  Sections 25-681 through 25-685, address the issuance of arrest warrants for failure to appear in child support matters.  In particular, subsections A and B of § 25-683 provide that:

> **A.** When a person who is arrested pursuant to a child support arrest warrant is brought before the court, the judicial officer shall advise the arrested person of the nature of the proceedings and shall set a date for the next court appearance.  The arrested person may be released from custody pending the hearing if the arrested person pays the amount set by the court pursuant to § 25-681 or a larger amount as the court determines.  The court shall not

reduce the amount ordered to be paid.  The arrested person shall not be released from custody without paying the amount unless the court finds in writing or on the record that a compelling reason exists to release the arrested person.  Monies received pursuant to this subsection shall be deposited and credited pursuant to § 25-502, subsection I.

**B.**  If the arrested person pays the full amount set forth in the warrant before the arrested person is brought before a judicial officer, the arrested person may be released after receiving a notice to appear in the superior court in the county in which the warrant was issued pursuant to the procedure prescribed in § 25-682, subsection E.  If the arrested person fails to appear as directed, a child support arrest warrant may be issued.

Further, contempt proceedings for voluntary failure to comply with court orders are a proper exercise of state power.  <u>See</u> <u>Hicks v. Feiock</u>, 485 U.S. 624, 638 (1987).

Finally, under state law, a county sheriff may "require prisoners who have been sentenced to imprisonment in the county jail to perform such labor as he deems necessary, even if the prisoner was not sentenced to hard labor."[14]  A.R.S. § 31-141(C).

Plaintiff does not dispute that he failed to pay child support, that he absconded on at least one occasion from work release, or that he failed to appear for child support review hearings, which resulted in arrests and confinement.  Plaintiff also does not allege that he was denied due process in connection with the child support proceedings, which might state a claim.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 565-66 (1974); <u>State Dep't. of Econ. Sec. v. Valentine</u>, 945 P.2d 828, 832 (Ariz. Ct. App. 1997).  Further, the requirement that an inmate validly subject to incarceration perform work during his incarceration does not, absent more, violate the Fourteenth Amendment.  <u>Cf.</u> U.S. Const. amend XIII (providing that, "Neither slavery nor involuntary servitude, *except* as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States or any place subject to their

---

[14]  Further,

no prisoner given a work assignment or required to perform any labor . . . shall be considered an employee or to be employed by the county or the sheriff, regardless whether the prisoner is compensated or not, nor shall an employee-employer relationship exist between the prisoner and the county or sheriff for any purpose and none of the rights or privileges otherwise accorded to employees by law shall accrue to such prisoners.

A.R.S. § 31-141(F).

jurisdiction.") (emphasis added).  Because Plaintiff fails to allege facts to support a violation of his federal civil rights, Count I will be dismissed for failure to state a claim.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $21.95.

(3)    The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

1        (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

3    that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

4        (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

5    rights complaint by a prisoner.

6        DATED this 5th day of April, 2012.

7

8                           _____

                                   G. Murray Snow

9                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
      Attorney for Defendant(s)
_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)     Plaintiff,          )
                                              )
                          vs.                 )    **CASE NO.** _____
                                              )           (To be supplied by the Clerk)
(1) _____ , )
(Full Name of Defendant)                      )
(2) _____ , )
                                              )      **CIVIL RIGHTS COMPLAINT**
(3) _____ , )      **BY A PRISONER**
                                              )
(4) _____ , )    ☐ Original Complaint
                          Defendant(s).       )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )    ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
(Position and Title) (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
(Position and Title) (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
(Position and Title) (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail                ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property            ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?                  ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?        ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?           ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
       a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
            at your institution?                                                      ☐ Yes    ☐ No
       b.   Did you submit a request for administrative relief on Count III?           ☐ Yes    ☐ No
       c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
       d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
            you did not. _____
            _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.