1    **WO**                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8
     Torrance Derrick Mincey,            )    No. CV 12-0303-PHX-GMS (LOA)
9                                        )
                 Plaintiff,              )    **ORDER**
10                                       )
     vs.                                 )
11                                       )
     Joseph M. Arpaio, et al.,           )
12                                       )
                 Defendants.             )
13   ────────────────────────────────────)

14        Plaintiff Torrance Derrick Mincey, who is confined in the Arizona State Prison

15   Complex, East Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to

16   42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 8.) Plaintiff has

17   filed a First Amended Complaint. (Doc. 12.) The Court will dismiss the First Amended

18   Complaint with leave to amend.

19   **I.    Statutory Screening of Prisoner Complaints**

20        The Court is required to screen complaints brought by prisoners seeking relief against

21   a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

22   § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

23   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

24   be granted, or that seek monetary relief from a defendant who is immune from such relief.

25   28 U.S.C. § 1915A(b)(1), (2).

26        A pleading must contain a "short and plain statement of the claim *showing* that the

27   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

28   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

JDDL-K

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because it may possibly be saved by amendment, the Court will dismiss the First Amended Complaint with leave to amend.

## II. First Amended Complaint

Plaintiff alleges four counts for "involuntary servitude,"violation of due process, and

1    cruel and unusual punishment.   (Doc. 12 at 3.)  Plaintiff sues Maricopa County Sheriff

2    Joseph M. Arpaio.  Plaintiff seeks compensatory relief.

3        **Background**

4        The Maricopa County Superior Court ordered Plaintiff to pay child support in case#

5    DR1999-010063.[1]   However, Plaintiff has only sporadically paid child support and has

6    accrued substantial arrears.  Since at least 2007, the court has held repeated review hearings

7    concerning payment of child support by Plaintiff and has repeatedly found Plaintiff in

8    contempt for failure to pay child support , to purge amounts owed, and/or for failing to

9    appear for review hearings or otherwise comply with court orders by documenting efforts to

10   seek work.  Further, the court has issued several child support arrest warrants, resulting in

11   Plaintiff's arrest and indefinite incarceration by MCSO for failure to pay child support or to

12   demonstrate his efforts to find work as ordered by the court.   During his various

13   confinements, the court has sometimes ordered that Plaintiff participate in work release

14   programs, if otherwise eligible.  At other times, the court has found him ineligible for work

15   release participation.  On at least one occasion, Plaintiff absconded from work release and

16   on another he returned to the jail under the influence of drugs or alcohol.

17       In August 2008, Plaintiff filed a petition for writ of habeas corpus, case# LC2008-

18   000465, which the court treated as a special action.[2]  The court described Plaintiff's claims

19   in that action as alleging that despite being ordered into work release in connection with his

20   child support obligations, MCSO had failed to comply and that he was being jailed for an

21   unpaid debt in violation of the state constitution.[3]  On August 29, 2008, the court denied

22

23   _____

24       [1] See http://www.superiorcourt.maricopa.gov/docket/FamilyCourtCases/caseInfo.asp?
     caseNumber=DR1999-010063 (last visited Apr. 5, 2012).  Minute entries for specific dates
25   can be viewed at http://www.courtminutes.maricopa.gov/JONamesearch.asp.

26       [2] See  http://www.courtminutes.maricopa.gov/docs/Lower%20Court/082008/m333
     0630.pdf (last visited Apr. 4, 2012).
27

28       [3] See  http://www.courtminutes.maricopa.gov/docs/Lower%20Court/092008/m334
     7753.pdf (last visited Apr. 4, 2012).

jurisdiction over Plaintiff's special action.[4] In its minute entry, the court explained that it had only ordered Plaintiff into work release "if otherwise eligible" and that responsibility for determining eligibility rested with MCSO; the court noted that Plaintiff's propensity for violence and drug use resulted in his designation as a maximum security inmate who was not allowed to participate in work release programs.[5] The court further stated that Plaintiff's confinement for contempt of court for non-payment of child support did not violate the state constitution.[6] Finally, the court found that MCSO had not abused its discretion in denying Plaintiff work release status.[7]

In addition to the above, Plaintiff has twice been arrested for criminal offenses. On November 16, 2007, Plaintiff was arraigned in case# CR2007-157276,[8] but on March 28, 2008, that case was dismissed based on the lack of probable cause for the arrest.[9] On June 13, 2011, Plaintiff was arraigned on new charges in case# CR2011-101886.[10] On February 13, 2012, Plaintiff was sentenced to five years in prison after he pleaded guilty to aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, with a prior felony conviction for possession of marijuana.[11]

/      /      /

---

[4] Id., n. 2.

[5] Id.

[6] Id.

[7] Id.

[8] See http://www.courtminutes.maricopa.gov/docs/Criminal/112007/m2942720.pdf (last visited Apr. 5, 2012).

[9] See http://www.courtminutes.maricopa.gov/docs/Criminal/032008/m3118924.pdf (last visited Apr. 5, 2012).

[10] See http://www.courtminutes.maricopa.gov/docs/Criminal/062011/m4764998.pdf (last visited Apr. 5, 2012).

[11] See http://www.courtminutes.maricopa.gov/docs/Criminal/032012/m5131372.pdf (last visited Apr. 5, 2012).

**Plaintiff's Allegations**

Except as otherwise indicated, Plaintiff alleges the following facts in his First Amended Complaint: on April 23, 2008, Plaintiff was ordered to work release, but Sheriff Arpaio did not place him on work release and instead required him to work as an unpaid jail trustee. As a result, Plaintiff lost his job and was unable to pay his support obligations. The loss of his job caused Plaintiff to lose "everything" including cars, home, property, and caused his family suffering. Plaintiff was threatened with punishment if he refused to work for Arpaio. After the court determined that there was nothing in Plaintiff's background that precluded work release, the court ordered that Plaintiff participate in work release on May 28. 2009. Plaintiff continued to be detained at the Jail and required to work as a trustee between April 2008 and June 2010. Finally, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement.

**III.     Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.     Statute of Limitations**

The failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). Further, in the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr.,

64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

In § 1983 actions, the Court applies the statute of limitations of the forum state for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S. § 12-542 (1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478. Arizona law also provides for the tolling of the statute of limitation after a cause of action accrues for the period during which a plaintiff was less than 18 years old or of unsound mind. A.R.S. § 12-502.

Plaintiff's Complaint was filed on February 14, 2012. (Doc. 1.) For his federal claims to be timely, they must have accrued no earlier than February 14, 2010, two years before his Complaint was filed. "[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Plaintiff in part complains of events that occurred prior to February 14, 2010 and of which he had contemporaneous knowledge. Claims concerning events that occurred prior to February 14, 2010 are, therefore, facially time-barred and will be dismissed. For that reason, Plaintiff fails to state a claim in Counts I and II (in part).

## B.    Arpaio

Plaintiff sues only Sheriff Arpaio. Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a

plaintiff's constitutional rights does not make him liable.  <u>Monell</u>, 436 U.S. at 691; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor</u>, 880 F.2d at 1045.

Plaintiff only mentions Arpaio in Count I, which is barred by the statute of limitation.  Plaintiff has not otherwise alleged facts to support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  Plaintiff has also has not otherwise alleged facts to support that Arpaio directly violated Plaintiff's constitutional rights or to support that Arpaio was aware that Plaintiff's rights were being violated but failed to act.  Accordingly, Plaintiff fails to state a claim against Arpaio in his remaining claims and he will be dismissed.

## C.     Count II (in part)

Plaintiff designates Count II as a claim for violation of his Fourteenth Amendment due process rights.  In Count II (in part), Plaintiff alleges that from April 2008 until June 2010, he was denied the ability to participate in work release, despite court orders.

Liberty interests which entitle a convicted inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995) (internal citations omitted).  Thus, a prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Sandin</u>, 515 U.S. at 483-84)).  Second, a prisoner may challenge a state action that does not restrain a protected liberty interest, but that "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.  In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the

condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. Ramirez, 334 F.3d at 861; Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997); see, e.g., Sandin, 515 U.S. at 472 (30 days disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (4 months in administrative segregation is not atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15 months administrative segregation is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (6 months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not atypical ... in relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (2 years in administrative segregation is not atypical and significant); Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).

Plaintiff asserts that he was not allowed to participate in work release for some period of time while he was held at the County Jail. Plaintiff fails, however, to allege facts to support that he had a state-created liberty interest in such participation or that he was otherwise subjected to atypical and significant hardships in relation to ordinary incidents of incarceration. Inmates have no constitutional right to participate in prison work programs.

See Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).  Further, Plaintiff fails to allege how and when Arpaio, or anyone else, denied him due process.  For both reasons, Plaintiff fails to state a due process claim.

### D.    Count III

In Count III, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement.  A prison inmate's claim for unconstitutional conditions of confinement arises under the Eighth Amendment, Bell v. Wolfish, 441 U.S. 520 (1979), while a pretrial detainee's claim for unconstitutional conditions arises under the Fourteenth Amendment, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998), the same standard is applied.  See Frost, 152 F.3d at 1128.  To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety.  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (citing Farmer, 511 U.S. at 834); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions.  Keenan v. Hall, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).  "'The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred.'"  Hearns v. Terhune, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)).

To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 832–33.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  Id.

Plaintiff complains of various conditions.  However, he fails to allege when he endured those conditions.  He also fails to allege facts to support that Arpaio, or anyone else,

acted with deliberate indifference, including specifically when and how.  For that reason, Plaintiff fails to state a claim in Count III and it will be dismissed.

## IV.    Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

/     /     /

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc. 12.)  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

JDDL-K

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of July, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)　　Plaintiff,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　vs.　　　　　　　　　　　　　　 )　**CASE NO.** _____
　　　　　　　　　　　　　　　　　　　　　　　 )　　　　　　(To be supplied by the Clerk)
(1) _____ , )
(Full Name of Defendant)　　　　　　　　　　　　 )
(2) _____ , )
　　　　　　　　　　　　　　　　　　　　　　　 )　　**CIVIL RIGHTS COMPLAINT**
(3) _____ , )　　　　　**BY A PRISONER**
　　　　　　　　　　　　　　　　　　　　　　　 )
(4) _____ , )　　☐ Original Complaint
　　　　　　　　Defendant(s).　　　　　　　　　 )　　☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.　 )　　☐ Second Amended Complaint

## A.  JURISDICTION

1.　This Court has jurisdiction over this action pursuant to:
　　　☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
　　　☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
　　　☐ Other: _____ .

2.　Institution/city where violation occurred: _____ .

Revised 3/9/07　　　　　　　　　　　　　　1　　　　　　　　　　　　　　**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="margin-left:14em">(Position and Title)</span><span style="margin-left:20em">(Institution)</span>

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span style="margin-left:14em">(Position and Title)</span><span style="margin-left:20em">(Institution)</span>

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span style="margin-left:14em">(Position and Title)</span><span style="margin-left:20em">(Institution)</span>

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span style="margin-left:14em">(Position and Title)</span><span style="margin-left:20em">(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities      ☐ Mail          ☐ Access to the court      ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities              ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings       ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                            ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?                   ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?          ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings       ☐ Property       ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?       ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?       ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                      DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.