**WO**                                                                                                        SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Torrance Derrick Mincey, | ) | No. CV 12-0303-PHX-GMS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, et al., | ) | |
| Defendants. | ) | |

Plaintiff Torrance Derrick Mincey, who is confined in the Arizona State Prison Complex, North Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 8.) Plaintiff filed a First Amended Complaint, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 12, 13.) Plaintiff has filed a Second Amended Complaint. (Doc. 14.) The Court will dismiss the Second Amended Complaint for failure to state a claim and this action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Second Amended Complaint**

Plaintiff alleges four counts for "involuntary servitude," violation of due process, and unconstitutional conditions of confinement, and denial of access to the court. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio; Maricopa County; John or Jane Doe employed in classification at the Fourth Avenue Jail; and XYZ corporations "for Maricopa County Sheriff's Office". Plaintiff seeks compensatory relief.

**Background**

The Maricopa County Superior Court ordered Plaintiff to pay child support in case#

- 2 -

DR1999-010063.¹ However, Plaintiff has only sporadically paid child support and has accrued substantial arrears. Since at least 2007, the court has held repeated review hearings concerning payment of child support by Plaintiff and has repeatedly found Plaintiff in contempt for failure to pay child support, to purge amounts owed, and/or for failing to appear for review hearings or otherwise comply with court orders by documenting efforts to seek work. Further, the court has issued several child support arrest warrants, resulting in Plaintiff's arrest and incarceration by MCSO for failure to pay child support or to demonstrate his efforts to find work as ordered by the court. During his various confinements, the court has sometimes ordered that Plaintiff participate in work release programs, if otherwise eligible. At other times, the court has found him ineligible for work release participation. According to Plaintiff, he was not assigned to work release until June 16, 2010, and by that time, had become depressed and discouraged at the amount of his arrearage and not having been previously placed on work release. On at least one occasion, Plaintiff absconded from work release and on another he returned to the jail under the influence of drugs or alcohol.

In August 2008, Plaintiff filed a petition for writ of habeas corpus, case# LC2008-000465, which the court treated as a special action.² The court described Plaintiff's claims in that action as alleging that despite being ordered into work release in connection with his child support obligations, MCSO had failed to comply and that he was being jailed for an unpaid debt in violation of the state constitution.³ On August 29, 2008, the court denied

---

¹ See http://www.superiorcourt.maricopa.gov/docket/FamilyCourtCases/caseInfo.asp?caseNumber=DR1999-010063 (last visited Nov. 13, 2012). Minute entries for specific dates can be viewed at http://www.courtminutes.maricopa.gov/JONamesearch.asp.

² See http://www.courtminutes.maricopa.gov/docs/Lower%20Court/082008/m3330630.pdf (last visited Nov. 13, 2012).

³ See http://www.courtminutes.maricopa.gov/docs/Lower%20Court/092008/m3347753.pdf (last visited Nov. 13, 2012).

- 3 -

1 jurisdiction over Plaintiff's special action.[4] In its minute entry, the court explained that it had only ordered Plaintiff into work release "if otherwise eligible" and that responsibility for determining eligibility rested with MCSO; the court noted that Plaintiff's propensity for violence and drug use resulted in his designation as a maximum security inmate who was not allowed to participate in work release programs.[5] The court further stated that Plaintiff's confinement for contempt of court for non-payment of child support did not violate the state constitution.[6] Finally, the court found that MCSO had not abused its discretion in denying Plaintiff work release status.[7]

In addition to the above, Plaintiff has twice been arrested for criminal offenses. On November 16, 2007, Plaintiff was arraigned in case# CR2007-157276,[8] but on March 28, 2008, that case was dismissed based on the lack of probable cause for the arrest.[9] On June 13, 2011, Plaintiff was arraigned on new charges in case# CR2011-101886.[10] On February 13, 2012, Plaintiff was sentenced to five years in prison after he pleaded guilty to aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, with a prior felony conviction for possession of marijuana.[11]

/   /   /

---

[4] Id., n. 2.

[5] Id.

[6] Id.

[7] Id.

[8] See http://www.courtminutes.maricopa.gov/docs/Criminal/112007/m2942720.pdf (last visited Nov. 13, 2012).

[9] See http://www.courtminutes.maricopa.gov/docs/Criminal/032008/m3118924.pdf (last visited Nov. 13, 2012).

[10] See http://www.courtminutes.maricopa.gov/docs/Criminal/062011/m4764998.pdf (last visited Nov. 13, 2012).

[11] See http://www.courtminutes.maricopa.gov/docs/Criminal/032012/m5131372.pdf (last visited Nov. 13, 2012).

- 4 -

### III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In addition, to state a claim against an individual defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell, 436 U.S. at 691; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

#### A. Fictitiously-Identified Defendants

Plaintiff sues John Doe, a classification officer with the MCSO, and XYZ Corporations. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the

unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In this case, Plaintiff fails to allege facts to support that XYZ Corporations in any way violated his constitutional rights and they will be dismissed. As to John Doe, Plaintiff merely makes conclusory assertions that Doe mis-classified Plaintiff to deny him placement in work release.[12] Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. Accordingly, Plaintiff also fails to state a claim against Doe and he will be dismissed.

### B.     Statute of Limitations

The failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). Further, in the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

In § 1983 actions, the Court applies the statute of limitations of the forum state for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v.

---

[12] Plaintiff fails to allege *facts* to support that anyone intentionally mis-classified him or intentionally falsified his criminal history, much less that such actions rose to the level of a constitutional violation.

- 6 -

1  Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.
2  1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S.
3  § 12-542 (1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997);
4  Vaughan, 927 F.2d at 478. Arizona law also provides for the tolling of the statute of
5  limitation after a cause of action accrues for the period during which a plaintiff was less than
6  18 years old or of unsound mind. A.R.S. § 12-502.

7  Plaintiff's Complaint was filed on February 14, 2012. (Doc. 1.) For his federal claims
8  to be timely, they must have accrued no earlier than February 14, 2010, two years before his
9  Complaint was filed. "[A] claim generally accrues when a plaintiff knows or has reason to
10 know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159
11 F.3d 374, 379 (9th Cir. 1998).

12 Plaintiff primarily complains of events that occurred prior to February 14, 2010 of
13 which he had contemporaneous knowledge. In Count I, he alleges that on April 23, 2008,
14 the state court ordered that he participate in work release, but that Doe and Arpaio knowingly
15 interfered or failed to comply with that order. Instead, Plaintiff was required to work at a jail
16 job, although he had not been convicted of a crime, and for which he was not paid. These
17 events occurred prior to February 14, 2010, and Plaintiff had contemporaneous knowledge
18 of them. Accordingly, Count I is facially time-barred and will be dismissed.

19 In Count II, Plaintiff alleges in part that: the state court ordered an investigation into
20 whether MCSO could supercede a court order regarding placement in work release based on
21 a defendant's prior criminal history. Subsequently, on June 25, 2009, the court ordered that
22 Plaintiff participate in work release, but Doe and Arpaio deliberately delayed and rejected
23 Plaintiff from such participation without affording him an opportunity to be heard or appeal.
24 As a result, Plaintiff lost an outside job he had. Again, these events took place prior to
25 February 14, 2010, and Plaintiff had contemporaneous knowledge of them. Accordingly,
26 Count II is also facially time-barred and will be dismissed.

27 In Count IV, Plaintiff alleges the following: on April 30, 2008, he filed a state petition
28 for writ of habeas corpus, which was treated as a special action, which was dismissed on

1  August 19, 2008, after the state court deferred to jail administrators to implement policies
2  regarding placement in work release based on an inmate's criminal history. The MCSO
3  submitted findings which falsely reflected that Plaintiff had been convicted of sexual assault,
4  "although it had been dropped." (Doc. 14 at 6.) Plaintiff contends that MCSO should have
5  known their information was "inadequate," but the damage was done and Plaintiff was
6  denied work release and the special action dismissed. Plaintiff lost his job and home. Again,
7  these events took place prior to February 14, 2010, and Plaintiff had contemporaneous
8  knowledge of them. According, Count IV is facially barred by the statute of limitations.

### C. Conditions of Confinement

10  In Count III and part of Count IV, Plaintiff alleges that he was held in unconstitutional
11  conditions of confinement. A prison inmate's claim for unconstitutional conditions of
12  confinement arises under the Eighth Amendment, Bell v. Wolfish, 441 U.S. 520 (1979),
13  while a pretrial detainee's claim for unconstitutional conditions arises under the Fourteenth
14  Amendment, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998), the same standard is
15  applied. See Frost, 152 F.3d at 1128. To state a claim for unconstitutional conditions of
16  confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the
17  inmate of "the minimal civilized measure of life's necessities" and that the defendant acted
18  with deliberate indifference to an excessive risk to inmate health or safety. Allen v. Sakai,
19  48 F.3d 1082, 1087 (9th Cir. 1994) (citing Farmer, 511 U.S. at 834); see Estate of Ford v.
20  Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). Whether conditions of
21  confinement rise to the level of a constitutional violation may depend, in part, on the duration
22  of an inmate's exposure to those conditions. Keenan v. Hall, 83 F.3d 1083, 1089, 1091 (9th
23  Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)). "'The circumstances,
24  nature, and duration of a deprivation of [] necessities must be considered in determining
25  whether a constitutional violation has occurred.'" Hearns v. Terhune, 413, F.3d 1036, 1042
26  (9th Cir. 2005) (quoting Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)).

27  To adequately allege deliberate indifference, a plaintiff must allege facts to support
28  that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511

1  U.S. at 832–33. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Id.

Plaintiff alleges the following: while confined in Maricopa County Jails, he was subject to unsafe conditions that jeopardized his health. The Jails were overcrowded, poorly ventilated, and the showers and toilets were unsanitary and there was mold and human waste on the walls and floors. Plaintiff suffered from colds and rashes as a result. When Plaintiff complained, Arpaio said "stay out of my jails".[13] (Doc. 14 at 5.) Plaintiff contends that he was denied of all minimal civilized measures of life's necessities" with "the intent to purposely inflict hardship upon inmates, which caused [him] such emotional and physical trauma injuries as to constitute torture." (Id.)

To the extent that Plaintiff complains of conditions while he was held in MCSO jails prior to February 14, 2010, his allegations are facially time-barred. To the extent that his allegations regarding his conditions of confinement are not time-barred, Plaintiff fails to allege *facts* to support that Arpaio acted with deliberate indifference to such conditions. That is, Plaintiff does not allege facts to support that Arpaio knew or should have known of any unconstitutional conditions and that he nevertheless failed to act to alleviate such conditions. Arpaio's mere statement not to come to jail or be a deadbeat parent, absent more, is not sufficient to establish that he acted with deliberate indifference towards allegedly unconstitutional conditions. Accordingly, Plaintiff also fails to state a claim for unconstitutional conditions of confinement.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if

---

[13] It is unclear whether Plaintiff is quoting a public statement made by Arpaio or a response personally made by Arpaio to Plaintiff. Regardless, absent more, that statement is insufficient to support that Arpaio knew that any condition to which Plaintiff was subjected posed an excessive risk to Plaintiff and that Arpaio nevertheless failed to act to alleviate such condition.

- 9 -

a complaint, as amended, is subject to dismissal." <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. <u>Moore</u>, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 14) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 13th day of November, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge